**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CV-14-2536-PHX-GMS (ESW) |
| Plaintiff/Respondent, | CR-14-0247-PHX-GMS |
| v. | **REPORT AND RECOMMENDATION** |
| Juan Rayas-Espinoza, et al., | |
| Defendant/Movant. | |

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Juan Rayas-Espinoza's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) (the "Motion to Vacate"). The United States has responded (Doc. 4). Movant has not replied and the time to do so has passed. The matter is deemed ripe for consideration.

In April 2014, the Court sentenced Movant to forty-six months in prison after Movant pled guilty to the crime of Reentry of Removed Alien in violation of 8 U.S.C. § 1326(a). The Motion to Vacate contains four grounds for relief. The undersigned finds that three of the grounds have been waived pursuant to Movant's plea agreement. The final ground, which challenges the validity of Movant's guilty plea is without merit. As the record conclusively shows that Movant is entitled to no relief, it is recommended that

the Court deny the Motion to Vacate without holding an evidentiary hearing.

## I. BACKGROUND

On January 24, 2014, Movant signed a plea agreement in which Movant agreed to plead guilty to the crime of Reentry of Removed Alien in violation of 8 U.S.C. § 1326(a), with a possible sentencing enhancement under 8 U.S.C. §§ 1326(b)(1) or 1326(b)(2). (Doc. 4-1 at 2-11). The plea agreement contained Movant's admission that on October 18, 2010, Movant was convicted in the Superior Court of California, County of Fresno, of the following three felony offenses: (i) Evading Peace Officer Disregard Safety; (ii) Assault upon Peace Officer or Firefighter; and (iii) Obstruct Resisting Executive Officer. (*Id*. at 9). The plea agreement's "Waiver of Defenses and Appeal Rights" provision (the "Waiver Provision") states that:

> **The defendant waives** (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) **any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction,** an order of restitution or forfeiture, the entry of judgment against the defendant, **or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to** any appeals under 18 U.S.C. § 3742 (sentencing appeals) and **motions under 28 U.S.C. §§ 2241 and 2255 (habeas petition)**, and any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). **This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.**

(*Id*. at 5-6) (emphasis added).

The plea agreement also states that Movant discussed the agreement's terms with his attorney, agreed to the terms and conditions, entered into the plea voluntarily, and that Movant was satisfied with his counsel's representation. (*Id*. at 7-9).

On February 18, 2014, U.S. Magistrate Judge Lawrence O. Anderson conducted a change of plea hearing. (Doc. 4-3 at 2-53). After Magistrate Judge Anderson completed

the plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Movant pled guilty to the crime of Reentry of Removed Alien in violation of 8 U.S.C. § 1326(a).  (*Id.* at 47-48).  Magistrate Judge Anderson found that Movant knowingly, intelligently, and voluntarily entered a plea of guilty and recommended that the Court accept Movant's guilty plea.  (*Id.* at 48; CR-14-0247-PHX-GMS, Doc. 15).

On April 10, 2014, the Court accepted Movant's guilty plea.  (CR-14-0247-PHX-GMS, Doc. 20).  A U.S. Probation Officer prepared a Pre-Sentence Investigation Report ("PSR"), which calculated a sentencing guideline range of imprisonment of 46 to 57 months. (Attachment 1 at 16).  On June 6, 2014, District Judge Ronald S.W. Lew held a sentencing hearing.  (Doc. 4-4 at 2-13).  Judge Lew sentenced Movant to forty-six months in prison, followed by three years of supervised release.  (*Id.* at 10).

On November 17, 2014, Movant filed the Motion to Vacate (Doc. 1).[1]  On March 26, 2015, the Court ordered the United States to respond to the Motion to Vacate.  (Doc. 3).  The United States responded on May 14, 2015.  (Doc. 4).  Movant did not reply.

## II.  DISCUSSION

### A.  Enforceability of a Plea Agreement's Waiver Provision

It is a "fundamental rule that plea agreements are contractual in nature and are measured by contract law standards."  *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005).  The plain language of a plea agreement generally will be enforced if the agreement is clear and unambiguous.  *Id*.  This includes a plea agreement's provision whereby a defendant waives the right to challenge his or her conviction and sentence through appeal or a collateral proceeding, such as a Section 2255 proceeding.  "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver

---

[1] Respondents do not argue, and the undersigned does not find, that this habeas proceeding is untimely under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996.  The statute of limitations for a Section 2255 motion is codified at 28 U.S.C. § 2255(f).

encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (quoting *Jeronimo*, 398 F.3d at 1153) (alteration omitted). However, a defendant may still bring a claim alleging that the waiver or plea agreement was involuntary or that the ineffective assistance of counsel rendered the waiver or plea agreement involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to Section 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

A court must conduct a hearing on a Section 2255 motion to vacate unless the motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court may resolve the issue of whether a defendant knowingly and voluntarily agreed to a plea agreement's waiver provision based on a review of the written plea agreement and the record of the change of plea proceeding. *See Jeronimo*, 398 F.3d at 1153–55 (finding a waiver of a direct appeal knowing and voluntary based on the plea agreement and the change of plea proceeding).

**B. Challenging a Guilty Plea/Plea Agreement Based on an Ineffective Assistance of Counsel Claim**

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the U.S. Supreme Court explained that a defendant arguing an ineffective assistance of counsel ("IAC") claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the defendant. This is a deferential standard, and "[s]urmounting *Strickland's*

1   high bar is never an easy task."  *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014)

2   (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

3       The *Strickland* test applies to challenges to guilty pleas and plea agreements that

4   are based on IAC claims.  *Jeronimo*, 398 F.3d at 1155.  To establish the test's

5   performance prong in that context, a defendant must establish that his or her counsel's

6   advice regarding the guilty plea was outside "the range of competence demanded of

7   attorneys in criminal cases."  *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985).  Regarding the

8   prejudice prong, a defendant must show that "there is a reasonable probability that, but

9   for counsel's errors, he would not have pleaded guilty and would have insisted on going

10  to trial."  *Washington v. Lampert*, 422 F.3d at 873 (quoting *Hill*, 474 U.S. at 58-59)).

11      Although the performance factor is listed first in *Strickland's* two-part test, a court

12  may consider the prejudice factor first.  In addition, a court need not consider both factors

13  if the court determines that a defendant has failed to meet one factor.  *Strickland*, 466

14  U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of

15  sufficient prejudice, which we expect will often be so, that course should be followed.");

16  *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both

17  deficiency and prejudice if the habeas petitioner cannot establish one or the other).

## C.  Movant's Four Grounds for Relief are Meritless

### 1.  Grounds One, Two, and Three

20      The gravamen of Grounds One, Two, and Three of the Motion to Vacate is

21  Movant's contention that the Court erroneously calculated Movant's sentence.  Movant

22  asserts that (i) his prior voluntary departure did not support an illegal reentry conviction

23  and (ii) his prior felony was not a "crime of violence" that triggered the 16-level

24  enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  The Court's March 2015 Order

25  detailed Movant's first three grounds for relief as follows:

> (1)  Movant's defense counsel was ineffective in
>      failing  to challenge the validity of Movant's prior
>      voluntary departure order, which the government, the
>      Court, and the author of the Presentence Report

considered to be "equal to the defendant being deported from the United States[, s]upporting his [c]onviction for not only Illegal Reentry . . . but also to support a sixteen[] level increase . . . in base offense level."

(2) Movant's defense counsel was ineffective during the "plea and objections" phase of the case because counsel failed to challenge Movant's prior California conviction for "assault against a peace officer." Movant argues that counsel failed to argue that the conviction was not "an aggravated felony, or an aggravated conviction for a crime of violence, for which a Legal Resident [A]lien can be either enh[]anced o[r] deported." He contends his sixteen level enhancement is illegal, resulting in a sentence for which he is "[l]egally innocent."

(3) The Court committed reversible error by considering Movant's prior California assault conviction to be a crime of violence and failed to apply categorical approach to the conviction, pursuant to *Descamps v. United States*, ____U.S. ___, 133 S. Ct. 2276 (2013).

(Doc. 3 at 1-2).

A recent Ninth Circuit Court of Appeals case, *United States v. Medina-Carrasco*, 806 F.3d 1205 (9th Cir. 2015), is instructive in resolving the above claims. Like in this case, the defendant in *Medina-Carrasco* pled guilty to violating 8 U.S.C. § 1326(a). *Id.* at 1207. The defendant's plea agreement set forth a number of possible sentences the defendant may receive, but stated that the "precise level of offense and number of months sentence imposed will be determined by the court based upon the defendant's criminal record." *Id.* The plea agreement also contained a provision stating that the defendant waives the right to challenge "any aspect of the defendant's sentence—including the manner in which the sentence is determined and any sentencing guideline determinations—and includes . . . any motions under 28 U.S.C. § 2241 and 2255 . . . ." *Id.* at 1207-08. The district court found that the defendant's prior conviction for aggravated assault was a "crime of violence" that triggered the 16-level increase under

- 6 -

U.S.S.G. § 2L1.2(b)(1)(A)(ii).  *Id.* at 1208-09.  The defendant challenged his sentence,[2] contending in part that the district court's application of the 16-level enhancement was based on an erroneous determination that the defendant's prior conviction was a "crime of violence." *Id.* at 1210.  The Ninth Circuit concluded that the merits of that issue were irrelevant because "regardless of the correct answer to that question," the defendant was sentenced pursuant to the terms of the plea agreement.  *Id.*  The Court stated that "because Defendant expressly waived his right to challenge sentencing guidelines determinations, a sentence 'in accordance with' the plea agreement need not rest on a correct guidelines determination." *Id.*

Here, Movant's plea agreement stated that "[t]he defendant's Base Offense Level will be calculated as the sum of Offense Level 8 PLUS the sentencing guideline adjustment for the defendant's most serious prior conviction, pursuant to U.S.S.G. § 2L1.2(a) and (b), **as determined by the Court at the time of sentencing**."   (Doc. 4-1 at 3-4) (emphasis added).  The plea agreement also stated that "[t]he precise level of offense and number of months sentence imposed will be determined by the court based upon the defendant's criminal record."  (*Id.* at 5).  Conditioned upon Movant's acceptance of responsibility for his offense, the government stipulated to a two-level downward departure from the sentencing guideline range pursuant to U.S.S.G. § 3E1.1.  (*Id.* at 3).  The government also stipulated to a two-level departure if Movant's criminal history category is VI or has at least one felony conviction for an offense identified in U.S.S.G. § 2L1.2(b)(1)(A) (e.g. a crime of violence).  (*Id.* at 4).  As shown below, Movant's sentence complies with all of these terms.

The PSR calculated a sentencing guideline range of imprisonment of 46 to 57 months, and recommended that the Court impose a sentence of 52 months. (Attachment 1

---

[2] The district court sentenced the defendant to a 55-month term of imprisonment, which was below the sentencing guidelines range of 57 to 71 months in prison. The defendant's total offense level was 21 and his criminal history category was IV.  *Medina-Carrasco*, 806 F.3d at 1208.

at 16).  The PSR calculated the sentencing range as follows:

1. The base offense level for a violation of 8 U.S.C. § 1326(a)(1) is eight.

2. Movant's prior conviction in October 2010 for Assault upon Peace Officer or Firefighter in violation of California Penal Code § 245(c) is a crime of violence triggering a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Adding the 16-level enhancement to the base offense level of eight yields an offense level of 24.

3. Two offense levels were subtracted because Movant demonstrated responsibility for the offense.  One more offense level was subtracted because Movant assisted in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to plead guilty.  This yields an adjusted offense level of 21.

4. The guideline range of imprisonment for an offense level of 21 is 57 to 71 months.  With the two-level downward departure stipulated by the government, the offense level is reduced to 19, resulting in a guideline range of imprisonment of 46 to 57 months.

(Attachment 1 at 5-6, 16).   At the sentencing hearing, the Court rejected the PSR's recommended 52-month sentence and imposed a sentence of 46 months.  (Doc. 4-4 at 10).  While Movant objects to the Court's finding that his prior conviction was a "crime of violence" triggering a 16-level enhancement, the terms of Movant's plea agreement explicitly state that any offense level enhancements would be determined by the Court. Through the Waiver Provision, Movant gave up his statutory right to file a Section 2255 motion challenging the manner in which his sentence is determined.  *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) ("A knowing and voluntary waiver of a statutory right is enforceable.").   As explained in Section III(C)(2) below, Movant knowingly, intelligently, and voluntarily agreed to be bound by the plea agreement and the Waiver Provision.  Because Grounds One, Two, and Three challenge the manner in which Movant's sentence was determined, the grounds are foreclosed by the Waiver Provision.[3]  Therefore, like in *Medina-Carrasco*, the Court does not need to determine

---

[3] The undersigned acknowledges that Grounds One and Two challenge Movant's sentence by presenting an IAC claim.  However, "an appeal that includes an ineffective assistance of counsel at sentencing argument is still an appeal from one's sentence."

whether the 16-level sentencing enhancement was erroneously applied. "The whole point of a waiver . . . is the relinquishment of claims *regardless* of their merit." *Medina-Carrasco*, 806 F.3d at 1211 (citation omitted) (emphasis in original); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."); *see also United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (stating that "it is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver"); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing"); *United States v. Carrana*, 2010 WL 4809320, at *2 (D. Ariz. Nov. 19, 2010) (citing to the holdings in *Williams* and *Cockerham* regarding waivers of collateral attacks).

Accordingly, the undersigned recommends that the Court dismiss with prejudice Grounds One, Two, and Three of the Motion to Vacate.

### 2. Ground Four

Movant alleges in Ground Four that Movant's "waiver of appeal and the guilty plea waiver cannot stand" because they are tainted by the alleged ineffective assistance of Movant's defense attorney. (Doc. 1 at 8, 17-19.) Yet Movant does not assert that he did not enter into the plea agreement knowingly, intelligently, and voluntarily due to the

---

*United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000) (stating that "[w]hen Nunez waived his statutory right to appeal his sentence, he implicitly waived his right to argue ineffective assistance of counsel involving the sentencing issue on direct appeal").

1   alleged ineffective assistance of Movant's counsel.  *See Shah*, 878 F.2d at 1161; *Jones*,
2   66 F.3d at 204; *United States v. Edmo*, 456 F.2d 240, 241-42 (9th Cir. 1972) (holding
3   meritless defendant's allegation that counsel led him to believe that a lesser sentence
4   would be imposed where defendant did not specify what counsel did or said that led him
5   to believe that he would receive a three-year sentence).  Thus, to the extent Ground Four
6   asserts an IAC claim, the claim fails as Movant has not shown that his counsel's advice
7   fell below an objective standard of reasonableness.  Further, Movant has not established
8   that his counsel's alleged deficient performance was prejudicial in light of Magistrate
9   Judge Anderson's thorough inquiry into whether Movant made his guilty plea knowingly,
10  intelligently, and voluntarily.  *United States v. Boniface*, 601 F.2d 390, 393 (9th Cir.
11  1979)  (rejecting defendant's claim that his attorney coerced him into pleading guilty
12  where the trial court made a "thorough inquiry to satisfy itself that the defendant had
13  been informed about all relevant matters and that his plea was voluntary").

14       Movant also has failed to establish prejudice with respect to any alleged
15  ineffective assistance of counsel as to the Waiver Provision.  At the change of plea
16  hearing, Magistrate Judge Anderson asked Movant whether he understood that by
17  entering into the plea agreement, he is giving up his right (i) to appeal his judgment and
18  sentence to a higher court and (ii) collaterally attack the judgment and sentence that will
19  be entered as a result of the plea agreement.  (Doc. 4-3 at 22).  Magistrate Judge
20  Anderson clarified that by giving up the right to "collaterally attack" the judgment and
21  sentence, Movant "cannot challenge at a later time the validity" of the conviction and
22  sentence provided it is consistent with the terms of the plea agreement and federal law.
23  (*Id.*).  Movant indicated that he understood the appeal rights he was giving up.  (*Id.* at
24  23).     Hence, Movant fails to establish the prejudice prong of the *Strickland* test.  *See*
25  *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (rejecting a defendant's
26  IAC claim based on his attorney's alleged failure to properly advise him of potential
27  consecutive sentences where the defendant acknowledged at the change of plea hearing
28  the potential for consecutive sentences); *Gonzalez v. United States*, 33 F.3d 1047, 1052

(9th Cir. 1994) (holding that a defendant could not claim he was prejudiced by his attorney's alleged error in determining the defendant's likely sentence where (i) the district court informed the defendant of the maximum possible penalties and (ii) the defendant told the court he was satisfied with attorney); *Chua Han Mow v. United States*, 730 F.2d 1308, 1311 (9th Cir. 1984).

Finally, to the extent that Ground Four alleges a separate claim that Movant did not enter into the plea agreement knowingly, intelligently, and voluntarily irrespective of his counsel's performance, the claim fails.  First, Magistrate Judge Anderson adequately informed Movant of the consequences of his plea and all other items required by Rule 11(b) of the Federal Rules of Criminal Procedure.  (Doc. 4-3 at 20-51).  Second, Movant confirmed that he understood (i) the terms of the plea agreement, (ii) the nature, elements, and factual basis of the charge to which he was pleading guilty, and (iii) all of the rights he was giving up by pleading guilty under the terms of the plea agreement. (*Id.*).  Movant also confirmed in the plea agreement and at the change of plea hearing that he was entering into the plea agreement voluntarily.  (*Id.* at 28-29); *see United States v. Ross*, 511 F.3d 1233, 1236-37 (9th Cir. 2008) (a defendant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary); *Blackledge*, 431 U.S. at 74; *United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001) (giving "substantial weight" to defendant's in-court statements).  Movant affirmed that he believed that entering into the plea agreement instead of going to trial was the best decision under the circumstances.  (*Id.* at 28).  The undersigned concludes Movant's guilty plea pursuant to the plea agreement was knowingly, intelligently, and voluntarily made.  It is thus recommended that the Court dismiss Ground Four with prejudice.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that the Court deny Movant's request for an evidentiary hearing (Doc. 1 at 10).  The undersigned further recommends that the Court deny and dismiss the Motion to Vacate (Doc. 1) with

prejudice.

Accordingly,

**IT IS RECOMMENDED** that Movant's request for an evidentiary hearing be **DENIED**.

**IT IS RECOMMENDED** that the Motion to Vacate (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 23rd day of February, 2016.

_____

Eileen S. Willett
United States Magistrate Judge

- 12 -

# ATTACHMENT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **PRESENTENCE INVESTIGATION REPORT** |
| | ) | |
| **vs.** | ) | **GUIDELINE** |
| | ) | |
| | ) | **Docket No.:    2:14-cr-00247-GMS-1** |
| **Juan  Rayas-Espinoza** | ) | |
| | ) | |

**Prepared for:**     The Honorable G Murray Snow
U.S. District Judge

**Prepared by:**      Thomas B. Nazzaro
U.S. Probation Officer
Tucson, AZ
Office: 520-205-4346
Cellular: 520-310-9662

**Assistant U.S. Attorney**                    **Defense Counsel  (Appointed)**
Sean Kevin Lokey                               Michael S. Reeves
2 Renaissance Sq.                              1212 E. Osborn Rd.
40 N. Central Ave., Ste. 1200                  Phoenix, AZ 85014
Phoenix, AZ 85004                              602-604-7577
602-514-7500

**Sentence Date:**     June 6, 2014

**Information:**       Re-entry of Removed Alien
8 U.S.C. § 1326(a) 8 U.S.C. § 1326(b)(1)
Not more than 10 years imprisonment/$250,000.00 fine
(Class C Felony)

**Release Status:**    Arrested on January 12, 2014, and detained.  The defendant will have
served 145 days presentence detention as of June 6, 2014.

**Detainers:**         Immigration

**Codefendants:**      None

**Related Cases:**     None

**Date Report Prepared:** April 10, 2014
**Date Face Sheet Updated:** May 19, 2014

Presentence Report
RAYAS-ESPINOZA, Juan

**Identifying Data:**

| | |
|---|---|
| **Date of Birth:** | November 25, 1972 |
| **Age:** | 41 |
| **Race:** | White |
| **Hispanic Origin:** | Hispanic origin |
| **Sex:** | Male |

| | |
|---|---|
| **SSN:** | None |
| **FBI:** | 425610NA3 |
| **USM:** | 16248-408 |
| **State ID:** | CA26549277 |
| **Alien Registration:** | A090100764 |
| **PACTS:** | 354593 |

| | |
|---|---|
| **Education:** | 12 years (GED) |
| **Dependents:** | One (spouse) |
| **Citizenship:** | Citizen of Another Country |
| **Place of Birth:** | Colima, Colima, Mexico |

| | |
|---|---|
| **Address:** | Tijuana, Baja California, Mexico |

| | |
|---|---|
| **Alias(es):** | Also Known As: Reyes, Omar |
| | Also Known As: Espinoza, Juan |
| | Also Known As: Rayas, Juan |
| | Also Known As: Reyes, Juan |
| | Also Known As: Rayas, Omar |
| | Also Known As: Lopez-Espinoza, Jose |
| | Also Known As: Baca, Geraldo |
| | Also Known As: Rayaas, Juan Carlos |
| | Also Known As: Rayas, Juan Espinoza |
| | Also Known As: Espinoza, John Omar |
| | Also Known As: Rayas, Juan Espinosa |
| | Also Known As: Espinosa, Juan Rayas |
| | Also Known As: Espinoza, John Rayas |
| | Also Known As: Espinoza, Juan Rayas |
| | Also Known As: Rayas, Juan Espinoza |

| | |
|---|---|
| **Alternate IDs:** | California Department of Corrections No.'s: AF3130; N68425, F07608, K67508 |
| | Alias DOB: 11/24/1971 |
| | Alias DOB: 11/25/1970 |
| | Alias DOB: 11/24/1977 |
| | Alias DOB: 11/25/1971 |
| | Alias SSN's: 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; 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 |
| | Scars: Forehead; left eye; right finger |

2

Presentence Report
RAYAS-ESPINOZA, Juan

Marks: Mole on right cheek; left ear
Tattoos: Chest-images of skulls and human faces

**Height:**          5'9"
**Weight:**          140 pounds
**Color of Eyes:**   Brown
**Color of Hair:**   Black

Presentence Report
RAYAS-ESPINOZA, Juan

## PART A. THE OFFENSE

### Charge(s) and Conviction(s)

1. On January 12, 2014, Juan Rayas-Espinoza was arrested on immigration charges in the District of Arizona and thereafter ordered detained on a complaint filed January 14, 2014. An information was filed February 18, 2014, charging re-entry of removed alien, in violation of 8 U.S.C. § 1326(a), enhanced by (b)(1).

2. On February 18, 2014, the defendant waived indictment, pleaded guilty to an information filed the same date, and he entered into a written plea agreement. The plea agreement sets forth penalty provisions under either 8 U.S.C. § 1326(b)(1) or (b)(2), and it is proposed that the enhancement under 8 U.S.C. § 1326(b)(2) is applicable. Pursuant to Fed.R.Crim.P.11(c)(1)(C) and USSG §5K3.1, the parties stipulate to a two-level downward departure from the applicable guideline range. It is recommended that following the downward departure, the resulting sentencing range would be 46 to 57 months imprisonment based on the defendant's proposed placement in criminal history category IV.

3. If Rayas-Espinoza argues for a variance under 18 U.S.C. § 3553(a) in support of a sentence request below the stipulated range in this agreement, the government may oppose the requested variance. The government, however, will not withdraw from the agreement if Rayas-Espinoza argues for, and the Court grants, a variance below the stipulated range in this agreement.

### The Offense Conduct

4. On January 12, 2014, U.S. Border Patrol agents encountered the defendant near Stanfield, Arizona, in the District of Arizona. Upon questioning, the defendant admitted to being a citizen of Mexico without the necessary documents to allow his presence in the United States. A subsequent records check revealed the defendant had been previously deported October 29, 2013, following a felony conviction on October 18, 2010, for assault upon peace officer or firefighter, Superior Court of California, County of Fresno, Fresno, California, Case No.: F10902593.

### Victim Impact

5. There are no identifiable victims in this offense.

### Adjustment for Obstruction of Justice

6. The probation officer has no information indicating the defendant impeded or obstructed justice.

### Adjustment for Acceptance of Responsibility

7. The defendant was interviewed by the probation officer via video teleconference on February 26, 2014, and provided a statement wherein the defendant admitted

Presentence Report
RAYAS-ESPINOZA, Juan

involvement in the offense.  The defendant's attorney was present telephonically for the interview.  The defendant reported that he returned to the United States to be with his family members who reside in California and to visit his father who he had not seen since 2010.  Rayas-Espinoza expressed that he has learned his lesson, and he has no intentions of returning to the United States.  The defendant expressed remorse for his actions.

### Offense Level Computation

8.    The 2013 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG §1B1.11.

### Re-entry of Removed Alien

9.    **Base Offense Level:** The guideline for 8 U.S.C. § 1326(a)(1) offenses is found in USSG §2L1.2 of the guidelines. That section provides that an offense involving re-entry of removed alien has a base offense level of eight. USSG §2L1.2.    **8**

10.   **Specific Offense Characteristics:** The defendant was deported subsequent to a felony conviction on October 18, 2010, for assault upon peace officer or firefighter, as described in Count 2 of the complaint, in violation of California Penal Code § 245(c), Superior Court of California, County of Fresno, Fresno, California, Case No.: F10902593. The statute of conviction establishes that "any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim in a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years."  It is proposed the defendant's conviction is categorically a crime of violence; therefore, a 16-level enhancement is recommended under USSG §2L1.2(b)(1)(A)(ii). It is further recommended that this offense of conviction qualifies as an aggravated felony.    **+16**

11.   **Victim Related Adjustment:** None.    **0**

12.   **Adjustment for Role in the Offense:** None.    **0**

13.   **Adjustment for Obstruction of Justice:** None.    **0**

14.   **Adjusted Offense Level (Subtotal):**    **24**

15.   **Chapter Four Enhancement:** None.    **0**

16.   **Acceptance of Responsibility:** The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a).    **-2**

Presentence Report
RAYAS-ESPINOZA, Juan

17. **Acceptance of Responsibility:** The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b).          **-1**

18. **Total Offense Level:**                                                    **21**

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

**Juvenile Adjudication(s)**

19.   None.

**Adult Criminal Conviction(s)**

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pts |
|---|---|---|---|---|---|
| 20. | 04/10/1992 (Age 19) | False Identification to Peace Officer (misdemeanor) California Municipal Court, Clovis, California, Case No.: M173997 | 08/18/1992: 36 months probation, 5 days custody, fine | 4A1.2(e) | 0 |

Attorney representation is unknown. Requested offense details have not been received.

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pts |
|---|---|---|---|---|---|
| 21. | 05/16/1992 (Age 19) | Burglary (misdemeanor) California Municipal Court, Fresno County, California, Case No.: F2704740 | 02/26/1993: 24 months probation, 180 days custody (135 days custody suspended), restitution | 4A1.2(e) | 0 |

Attorney representation is unknown. Charges of possess/etc. burglary tools and take vehicle without owner consent/vehicle theft, were dismissed.  Requested offense details have not been received.

Presentence Report
RAYAS-ESPINOZA, Juan

| | | | | | |
|---|---|---|---|---|---|
| 22. | 03/29/1993 (Age 20) | Possess Narcotic Controlled Substance (felony) California Municipal Court, Fresno County, California, Case No.: F93281585-0 | 12/30/1996: 2 years custody (suspended), fine | 4A1.2(e) | 0 |

Attorney representation is unknown. Requested offense details have not been received.

| | | | | | |
|---|---|---|---|---|---|
| 23. | 02/22/1994 (Age 21) | Possession of a Controlled Substance (felony) Municipal Court, Consolidated Fresno Judicial District, Fresno County, California, Case No.: 94F1329 | 07/17/1995: 48 months probation, 300 days custody, restitution | 4A1.2(e) | 0 |

The defendant was represented by counsel. Charges of trespass: occupy property without consent and obstructs/resists public officer were dismissed.  According to the police report, a department store security officer encountered and detained the defendant who was trespassing and discharging fireworks on the property. During a search of the defendant, an official found methamphetamine in Rayas-Espinoza's possession.

| | | | | | |
|---|---|---|---|---|---|
| 24. | 10/26/1996 (Age 23) | Ct. 1: Assault With a Deadly Weapon Not Firearm: Police Officer/ Firefighter: Great Bodily Injury (felony) Ct. 2: Driving Under the Influence 0.08 Percent or More (felony) Municipal Court, Consolidated Fresno Judicial District, Fresno County, California, Case No.: F96913741-5 | 12/30/1996: Ct. 1: 4 years custody, fine Ct. 2: 2 years custody (concurrent to Count 1)<br><br>03/11/1999: Deported | 4A1.2(e) | 0 |

The defendant was represented by counsel. Charges of driving under the influence with prior specific convictions, evade peace officer: disregard safety, possess narcotic controlled substance, use/under influence controlled substances, false identification to peace officer, obstructs/resists public officer/etc., and hit and run: property damage.

Presentence Report
RAYAS-ESPINOZA, Juan

According to court documents, the defendant was driving under the influence and backed his vehicle into a police car. While trying to evade the police officers, he ran an official off the road. He was also found in possession of cocaine.

| | | | | | |
|---|---|---|---|---|---|
| 25. | 08/02/2005 (Age 32) | <u>Ct. 1</u>: Child Abuse (felony) <br> <u>Ct. 2</u>: Vehicle Theft (felony) <br> <u>Ct. 3</u>: Possession of Cocaine (felony) California Superior Court, County of Fresno, Fresno, California, Case No.: F05905924-7 | 11/30/2005: <u>Ct. 1</u>: 4 years custody <br> <u>Ct. 2</u>: 16 months <br> <u>Ct. 3</u>: 16 months (Counts 2 and 3 both concurrent to Count 1) <br><br> 10/02/2008: Deported | 4A1.1(a) | 3 |

The defendant was represented by counsel. According to court documents, the defendant stole a vehicle and then placed a 4-year-old boy's life in danger by abandoning the vehicle with the child in it when the temperature was over 100 degrees outside.

| | | | | | |
|---|---|---|---|---|---|
| 26. | 05/20/2010 (Age 37) | <u>Ct. 1</u>: Evading an Officer, Willful Disregard (felony) <br> <u>Ct. 2</u>: Assault Upon Peace Officer or Firefighter, CPC § 245(c)/(felony) <br> <u>Ct. 7</u>: Resisting Executive Officer (felony) California Superior Court, County of Fresno, Fresno, California, Case No.: F10902593 | 10/18/2010: <u>Ct. 1</u>: 8 months custody (consecutive to Count 2) <br> <u>Ct. 2</u>: 5 years custody <br> <u>Ct. 7</u>: 8 months custody (consecutive to Count 2) restitution/fine <br><br> 10/29/2013: Paroled, deported | 4A1.1(a) | 3 |

The defendant was represented by counsel. Four charges of assault with deadly weapon not firearm: police officer/firefighter: great bodily injury were dismissed. According to court documents, on May 20, 2010, an officer was dispatched to investigate an assault upon a peace officer, which resulted in an officer-involved shooting. Fresno Police Department officers were involved in the incident that began in Fresno and ended in Clovis, California.

Two Fresno police officers were acting on a tip that there were narcotic and firearms sales occurring at residence. They initiated a traffic stop on a truck that had just left the location. The driver was identified as the defendant. The defendant slowed his vehicle

Presentence Report
RAYAS-ESPINOZA, Juan

and then accelerated rapidly, failing to yield. Officials followed the vehicle, at a distance, and noted that the vehicle failed to stop at numerous stop signs and was observed traveling at approximately 80 miles per hour.

The defendant entered a neighborhood street, sideswiped a vehicle in front of a residence, and collided with a parked patrol vehicle while the officer was preparing to remove his K-9 from the rear of the car. The defendant fled on foot and fought with an officer before he was eventually subdued with a Taser. The defendant told officers that the reason he did not stop his vehicle was because he did not want to get beat up by the police.

A representative from the California Department of Corrections confirmed that the defendant was paroled on October 29, 2013, and he is still on active parole in California. It is unclear at this time whether their jurisdiction will pursue a parole revocation.

**Criminal History Computation**

27.     The criminal convictions above result in a subtotal criminal history score of six.

28.     The defendant committed the instant offense while under a criminal justice sentence in California Superior Court, Fresno Judicial District, California, Fresno, California, Case No.: F10902593; therefore, two points are added. USSG §4A1.1(d).

29.     The total criminal history score is eight. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of eight establishes a criminal history category of IV.

**Other Criminal Conduct**

| Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|
| 30.  07/16/2005 (Age 32) | Vandalism | California Superior Court, Fresno County, California, Case No.: M05915217-4 | 11/03/2005: Dismissed |

According to the police report, an officer was dispatched to a residence reference a physical disturbance involving a shovel. Upon arrival, the officer made contact with the defendant who was sitting in the grass. The defendant had a laceration on the top of his head. Rayas-Espinoza told the officer that after picking up his cousins at a bar, they passed a residence, and two individuals in front of the house yelled something at them. The defendant stated he stopped and exited the vehicle, and the individuals began to punch and kick the defendant several times.  The altercation stopped when another person exited the residence and struck the windshield of the vehicle with a shovel. Officers later determined that the vehicle the defendant was driving in was stolen.

Presentence Report
RAYAS-ESPINOZA, Juan

### Pending Charges

31.   None.

### Other Arrests

|     | Date of Arrest | Charge | Agency | Disposition |
| --- | --- | --- | --- | --- |
| 32. | 10/09/1989 (Age 16) | Take Vehicle Without Owner Consent/ Vehicle Theft | Fresno Police Department, California | Unknown |
| 33. | 06/15/1991 (Age 18) | Obstructs/Resists Public Officer, Fight Public Place | Fresno Police Department, California | Unknown |
| 34. | 08/17/1992 (Age 19) | False Identification to Peace Officer (2 Counts), Evade Peace Officer: Disregard Safety | Clovis Police Department, California | Unknown |
| 35. | 11/18/1993 (Age 20) | Obstructs/Resists Public Officer/Etc., Burglary | California Municipal Court, Clovis, California | 11/23/1993: Dismissed |
| 36. | 08/09/2004 (Age 31) | Possess Narcotic Controlled Substance, Possess Controlled Substance for Sale, False Identification to Specific Peace Officers | Fresno Police Department, California | Unknown |
| 37. | 06/30/2005 (Age 32) | Possess Narcotic Controlled Substance | Clovis Police Department, California | Unknown |
| 38. | 09/05/2007 (Age 34) | Driving Under the Influence of Alcohol/0.08 Percent, Hit and Run: Property Damage, Drive While License Suspended/Etc. | Fresno County Sheriff's Office, California | Unknown |

Presentence Report
RAYAS-ESPINOZA, Juan

| 39. | 07/26/2009 (Age 36) | Robbery, Possess Controlled Substance Paraphernalia | Fresno Police Department, California | Unknown |

40.    A prior state presentence report dated October 6, 2010, from California Superior Court, Fresno County, indicates the defendant was convicted of driving with a suspended license three times from November 1990 to August 1992. The defendant was sentenced to probation, jail time, or fined. The convictions are either too old to count or would not have been assessed criminal history points counted pursuant to USSG §4A1.2(c).

### Summary of Immigration History

41.    A review of the defendant's immigration records indicate the defendant has no other deportations or removals other than noted above.

## PART C. OFFENDER CHARACTERISTICS

### Personal and Family Data

42.    Juan Rayas-Espinoza was born in Colima, Colima, Mexico, to the union of Francisco Rayas, 65, a cook residing in Madera, California, and Sarah Espinoza, a resident of Mexico. The defendant stated that his parents divorced when he was 2, and his father immigrated to United States with him in 1974. Rayas-Espinoza related that his mother supported his father taking him to the United States because of the economic conditions in Mexico. The defendant has no additional information about his mother. The defendant's father remarried Cynthia Rayas, a supervisor for a water company in California, in 1982. Rayas-Espinoza shared that he has four half siblings: Andres, a banker; Adrianna and Alyssa, employees with California Department of Motor Vehicles; and Tyler, 21, a student. The defendant's siblings reside in California. The defendant stated that his father has diabetes.

43.    The defendant lived in Colima, Colima, Mexico, until approximately 1974 (age 2) when he immigrated to the United States with his father. The defendant was raised by his father and stepmother in Fresno, California. The defendant reported that after being deported to Mexico in October 2013, he was living in Tijuana, Baja California, Mexico, with a friend. He denied ever residing anywhere else in the United States.

44.    The defendant shared that he has been married to Teresa Rayas, an owner of a janitorial company, since 1990, and the union produced two children, Brandon, 20, and Erin, 19. The defendant stated both of his children attend college in Fresno, California.

45.    Upon his release from prison, the defendant reported that he will return to Mexico with his spouse. His intentions are to start up a small business in a town near the border. The defendant expressed that he is extremely thankful for the many opportunities that the

Presentence Report
RAYAS-ESPINOZA, Juan

United States has given him, and he realizes it is time to be more responsible and productive with his life.

**Physical Condition**

46.     The defendant is in good physical health, but he stated he has asthma.  He related that he takes prescribed medication, Albuterol, as needed.

**Mental and Emotional Health**

47.     The defendant has never been under the care of mental health professionals and does not display symptoms suggesting serious emotional problems.  The defendant's demeanor during the interview was polite.

**Substance Abuse**

48.     Defense counsel requested that no questions be asked to the defendant regarding past or present alcohol or substance abuse.  Rayas-Espinoza stated that he attended a Salvation Army program in 1997.  The defendant shared that he participated in the program for approximately three months, and the program offered self-help courses and substance abuse counseling.  The defendant has three prior convictions for possession of a controlled substance, and one conviction for driving under the influence.

49.     A prior state presentence report dated October 6, 2010, from California Superior Court, Fresno County, indicates that the defendant tried alcohol at age 19, and he expressed he had a problem with alcohol.  He admitted to trying marijuana one time when he was a teenager. Also, the first time he used cocaine was when he was 19, and he would snort it when he drank.  In the report, he related that he last used the substance in February 2010.  Lastly, the report indicated that he first tried methamphetamine in 1999, and he last used it in May 2010.

**Educational, Vocational and Special Skills**

50.     Rayas-Espinoza reported that the highest academic level he achieved in the United States was the 12th grade.  The defendant reported that he obtained his General Educational Development diploma in 2012 along with certifications in telecommunications and network cabling.  The defendant stated that his primary language is English; however, he can read, write, and speak the Spanish language. The presentence investigation interview was completed in English without the assistance of a Spanish-speaking interpreter. Rayas-Espinoza has never been in the military.

**Employment Record**

51.     Rayas-Espinoza reported that since his incarceration for the instant offense, he has been working as a painter at the prison.  He related that he has a team of approximately eight inmates that he delegates responsibilities to.

12

Presentence Report
RAYAS-ESPINOZA, Juan

52.     The defendant shared that he and his spouse owned a tile business in California from approximately 1992 to 2005.  He reported earning approximately $1,000 per month. Also, Rayas-Espinoza related that he worked as a cook when he was younger.

### Financial Condition: Ability to Pay

53.     The defendant denied having any significant assets.  Based on his self-reported financial condition, as well as his imminent deportation to Mexico, it appears he does not have the ability to pay a fine.

## PART D. SENTENCING OPTIONS

### Custody

54.     **Statutory Provisions:**  The maximum term of imprisonment is 10 years. 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(1).

55.     **Guideline Provisions:** Based upon a total offense level of 21 and a criminal history category of IV, the guideline imprisonment range is 57 months to 71 months. USSG §5A.

### Supervised Release

56.     **Statutory Provisions:**  The Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2).

57.     **Guideline Provisions:**  Since the offense is a Class C Felony, the guideline range for a term of supervised release is 1 year to 3 years. USSG §5D1.2(a)(2).

### Probation

58.     **Statutory Provisions:**  The defendant is eligible for not less than one nor more than five years probation because the offense is a Class C Felony. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

59.     **Guideline Provisions:** Since the applicable guideline range is in Zone D of the Sentencing Table, the defendant is ineligible for probation. USSG §5B1.1, comment. (n.2).

### Fines

60.     **Statutory Provisions:**  The maximum fine is $250,000.00. 18 U.S.C. § 3571(b).

61.     A special assessment of $100.00 is mandatory. 18 U.S.C. § 3013.

62.     **Guideline Provisions:** The fine range for this offense is from $7,500 to $75,000. USSG §5E1.2(c)(3).

Presentence Report
RAYAS-ESPINOZA, Juan

63.  Costs of prosecution shall be imposed on the defendant as required by statute. USSG §5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. USSG §5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated May 17, 2013, provides the following monthly cost data:

|  | Bureau of Prisons Facilities | Community Correction Centers | Supervision by Probation Officer |
|---|---|---|---|
| Daily | $79.31 | $73.78 | $9.17 |
| Monthly | $2,412.33 | $2,244.17 | $278.95 |
| Annually | $28,948.00 | $26,930.00 | $3,347.41 |

**Restitution**

64.  **Statutory Provisions:** Restitution is not applicable in this case. 18 U.S.C. § 3663.

65.  **Guideline Provisions:** Restitution is not applicable in this case. USSG §5E1.1.

**Denial of Federal Benefits**

66.  **Statutory Provisions:** None.

67.  **Guideline Provisions:** None.

**Impact of Plea Agreement**

68.  A total offense level of 21, combined with a criminal history category IV, yields a guideline imprisonment range of 57 to 71 months. The plea agreement stipulates to a two-level downward departure pursuant to USSG §5K3.1, which results in a custody range of 46 to 57 months based on the defendant's proposed placement in criminal history category IV.

69.  The presentence investigation has determined the defendant's prior conviction for assault with a deadly weapon not firearm: police officer/firefighter: great bodily injury is an aggravated felony. The plea agreement has provided the defendant notice he may be subject to an 8 U.S.C. § 1326(b)(2) enhancement. Therefore, if the Court chooses to find the defendant qualifies for an 8 U.S.C. § 1326(b)(2) enhancement, the defendant could be subject to a statutory maximum penalty of 20 years imprisonment.

14

Presentence Report
RAYAS-ESPINOZA, Juan

## PART E.  FACTORS THAT MAY WARRANT DEPARTURE

70.    Presentation of information in this section does not necessarily constitute a recommendation for a departure from the advisory guideline range.

71.    Pursuant to USSG §5K3.1, upon motion of the government, the Court may depart downward not more than four levels pursuant to an early disposition program authorized by the U.S. Attorney General and the U.S. Attorney for the district in which the Court resides.

## PART F.   FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM

72.    The probation officer identified no information concerning the offense or the offender which would warrant a variance from the advisory guideline range.

Respectfully Submitted,

Mario Moreno
Chief U.S. Probation Officer

By:    Thomas B. Nazzaro
U.S. Probation Officer

Approved:

Sean P. Belleau
Supervisory U.S. Probation Officer
Office: 520-205-4406
Cellular: 520-631-6993

*Restrictions on Use and Redisclosure of Presentence Investigation Report.*  Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e., classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorists activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

# SENTENCING RECOMMENDATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### UNITED STATES V. JUAN  RAYAS-ESPINOZA, DKT. 2:14-cr-00247-GMS-1

**TOTAL OFFENSE LEVEL**                  21
**CRIMINAL HISTORY CATEGORY**     IV

|  | **Statutory Provisions** | **Guideline Provisions** | **Plea Agreement Provisions** | **Recommended Sentence** |
|---|---|---|---|---|
| **CUSTODY:** | 0 years-10 years | 57 months-71 months | Fed.R.Crim.P.: 11(c)(1)(C), two-level downward departure per §5K3.1 | *52 months |
| **SUPERVISED RELEASE:** | 0 years-3 years | 1 year-3 years |  | 3 years |
| **PROBATION:** | 1 year-5 years | Ineligible |  | Not recommended |
| **FINE:** | Up to $250,000 | $7,500-$75,000 |  | Waive |
| **RESTITUTION:** | Not applicable | Not applicable |  | Not recommended |
| **SPECIAL ASSESSMENT:** | $100 | $100 |  | $100 |

*Based on a two-level downward departure pursuant to USSG §5K3.1 to an offense level 19 and criminal history category IV, resulting in an adjusted guideline range of imprisonment of 46 to 57 months.

**Justification:**

Juan Rayas-Espinoza is before the Court for sentencing on the conviction of re-entry of removed alien.  The guideline range accounts for his acceptance of responsibility, his deportation subsequent to a prior crime of violence conviction, along with his other countable convictions in determining his placement in criminal history category IV.  Unaccounted-for aggravating factors identified are the defendant has prior arrests for take vehicle without owner consent/ vehicle theft, obstructs/resists public officer, fight public place, false identification to peace officer, evade peace officer: disregard safety,  burglary, possess narcotic controlled substance,  possess

16

Presentence Report
RAYAS-ESPINOZA, Juan

controlled substance for sale, false identification to specific peace officers, driving under the influence of alcohol-hit and run: property damage, drive while license suspended/etc., robbery, and possess controlled substance paraphernalia.  These arrests do not appear to have resulted in prosecution, but indicate that he has maintained a consistent criminal livelihood while living in the United States and that he presents a danger to others.  Not addressed in mitigation are the economic conditions in Mexico that likely contributed to the commission of the instant offense.

A downward departure under USSG §5K3.1 is cited for the Court's discretion and is believed appropriate.  The plea agreement also allows the defendant to argue for a variance in support of a sentence below the stipulated custody range as determined by the Court, but no variance factors are cited for the Court's discretion.

 In consideration of the above factors, a 52-month sentence of imprisonment is recommended to sanction the seriousness of the offense and to promote respect for the law.

The defendant will be deported following his release. As such, USSG §5D1.1, comment. (n.5), instructs that a term of supervised release ordinarily should not be imposed because a new prosecution will afford adequate deterrence and public protection. However, the same commentary does encourage supervised release if the Court determines it will provide "an added measure of deterrence and protection based on the facts and circumstances of a particular case." This particular defendant has strong family ties to the United States and an added deterrent is necessary to prevent him from illegally re-entering the country.  Accordingly, a three-year term of supervised release with a special condition prohibiting any unauthorized return to the United States is recommended.

As the defendant does not appear to have the means to pay a fine and because enforcement of a fine following his deportation would be impractical, it is recommended it be waived.  The $100 special assessment is mandatory.

**Special Condition:**

Based on the defendant's immigration status, a condition prohibiting him from re-entering the United States without legal authorization is warranted.

**Voluntary Surrender:**

The defendant has been detained without bail since arrest and is not a candidate for voluntary surrender.  18 U.S.C. § 3143(a)(2).

**Recommendation:**

It is respectfully recommended that sentence in this case be imposed as follows:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that Juan Rayas-Espinoza is hereby committed to the Bureau of Prisons for 52 months.

The defendant shall pay a special assessment of $100, which shall be due immediately.

Presentence Report
RAYAS-ESPINOZA, Juan

The defendant shall pay a total of $100 in criminal monetary penalties, due immediately.  Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Balance is due in equal quarterly installments of $25 over a period of 12 months to commence 30 days after the release from imprisonment to a term of supervision.

If imprisoned, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program.  Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118.  Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c).  The Court hereby waives the imposition of interest and penalties on any unpaid balance.

Upon release from imprisonment, the defendant shall be placed on supervised release for three years.

While on supervised release, the defendant shall comply with the standard conditions of supervision adopted by this Court in General Order 12-13. Of particular importance, the defendant shall not commit another federal, state, or local crime during the term of supervision and the defendant shall abstain from the use of illicit substances.  The defendant shall comply with the following additional condition:

     1.  If deported, you shall not re-enter the United States without legal authorization.

Respectfully Submitted,

Mario Moreno
Chief U.S. Probation Officer

By:    Thomas B. Nazzaro
       U.S. Probation Officer

Approved:

Sean P. Belleau
Supervisory U.S. Probation Officer
Office: 520-205-4406
Cellular: 520-631-6993